**UNITED STATES**

v.

**Michael T. KLEMICK, Lieutenant Commander (O–4), U.S. Navy.**

**NMCCA 200300811.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 Dec. 2001.

Decided 7 Aug. 2006.

Lt. Robert Salyer, JAGC, USNR, Appellate Defense Counsel.

Lt. Jessica Hudson, JAGC, USNR, Appellate Government Counsel.

Before ROLPH, Chief Judge, SCOVEL, Senior Judge, and HARTY, Appellate Military Judge.

SCOVEL, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, pursuant to his pleas, of involuntary manslaughter and assault consummated by a battery upon a child under 16 years of age in violation of Articles 119 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 919 and 928. The appellant was sentenced to confinement for nine years and a dismissal.

The convening authority approved the sentence as adjudged but, in accordance with a pretrial agreement, suspended confinement in excess of seven years for a period of seven years from the date of sentencing and waived automatic forfeitures for six months.

We have considered the record of trial, the appellant's three assignments of error, and the Government's answer.[1] We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Spouse's Psychological Records

The appellant contends in an assignment of error submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that the military judge erred when he granted a Government motion to compel production of the psychotherapist-patient records of the appellant's wife for *in camera* review and then released a portion of those records to the parties.

MILITARY RULE OF EVIDENCE 513(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), permits a patient to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist. Exceptions to this general rule include "when the communication is evidence of spouse abuse, child abuse, or neglect in a proceeding in which one spouse is charged with a crime against the person of the other spouse or a child of either spouse." MIL. R. EVID. 513(d)(2).

Relying on the child-abuse exception to the general rule of privilege, the trial counsel moved to compel production of records created by a psychologist who began treating the appellant's wife two months after the death

of a son and the discovery of injuries suffered by another son, allegedly caused by the appellant, the father of both boys. The Government's motion stated that Mrs. Klemick knew of statements made by the appellant concerning these events, as indicated by her sworn statement to state criminal investigators. Attached to the Government's motion were a copy of Mrs. Klemick's statement and copies of health insurance claim forms submitted by her psychologist for payment for her treatment. The trial counsel also noted that Mrs. Klemick was unavailable to testify.[2]

Implying that discussions between Mrs. Klemick and her psychotherapist in the months following the death of her son would likely have included her "first-hand knowledge of statements [of the appellant] regarding substantive events in the instant case" and noting that she "is and has been one of the primary caretakers of Maason [sic] [the son allegedly assaulted by the appellant]," the trial counsel argued that the child-abuse exception under MIL. R. EVID. 513(d)(2) made Mrs. Klemick's privilege inapplicable. Appellate Exhibit XIV at 2. The appellant opposed the trial counsel's motion, as did Mrs. Klemick (through counsel who entered an appearance in the court-martial on her behalf for this limited purpose). Record at 133–39, 202–05; AE XVI and XVIII.

After considering briefs and argument presented by the parties and Mrs. Klemick, the military judge ordered production in a sealed container of records, reports, notes, and evaluations in the possession of her psychotherapist. AE XIX. The military judge reviewed these materials *in camera* and then released to the parties those portions concerning "her thoughts and her impressions on this trial and her own personal concerns that may or may not give rise to bias on one side or the

---

1. In a summary assignment of error, the appellant asserts that his court-martial lacked jurisdiction because his case had no "service relation," noting that his offenses were committed off base and did not involve Government property or victims. We disagree and find that the court-martial had jurisdiction over the appellant and the offenses. *See Solorio v. United States*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987). This assignment of error has no merit.

2. In moving for an oral deposition of Mrs. Klemick based on her unavailability, the trial counsel cited her failure to appear at the Article 32, UCMJ, hearing; her move from Florida to New Jersey with the surviving children; her delivery of a child after a "high-risk" pregnancy that left her bed-ridden due to post-natal complications; and his inability, even through her attorney, to arrange for an interview with her. AE XIII.

other that may be useful in cross-examination if she testifies." Record at 204.

■ We note, first, that the appellant initially entered pleas of not guilty to the charges. During the course of his trial before members, however, he entered into a pretrial agreement with the convening authority and pleaded guilty to lesser included offenses. His unconditional guilty pleas waived any issue regarding the military judge's treatment of his wife's psychotherapist's records. *See* RULE FOR COURT-MARTIAL 910(a)(2), MANUAL FOR COURTS-MARITAL, UNITED STATES (2000 ed.). Moreover, neither party offered the psychotherapist's records into evidence nor were they used in any other way in the course of the trial. The military judge did not rule on their admissibility as evidence. Absent plain error, the appellant has no basis to assert error now. MIL. R. EVID. 103(a), (d). Even if this issue were not waived by the appellant, however, we conclude that the military judge did not err.

While the appellant indirectly challenges the military judge's decision to release portions of the psychotherapist's records to the parties, he focuses primarily on the initial decision to conduct the *in camera* review. The appellant frames the issue in these terms: "Nothing in [MIL. R. EVID.] 513(d) suggests that just because an alleged crime involves spousal or child abuse, that [sic] the privilege that is the subject of [MIL. R. EVID.] 513 disappears, without some showing that the communication pertains to that alleged spousal or child abuse. The Government showing in this case was not sufficient to pierce the veil of privilege." Appellant's Supplemental Assignment of Error of 14 Dec 2005 at 2. We construe the appellant's contention to be that a threshold showing is required before a military judge may conduct an *in camera* review of psychotherapy records. We review here only the narrow issue of whether the military judge abused his discretion in ordering this *in camera* review.

MIL. R. EVID. 513 is silent on this matter, stating only:

(e) Procedure to determine admissibility of patient records or communications.

(1) In any case in which the production or admissibility of records or communications of a patient other than the accused is a matter in dispute, a party may seek an interlocutory ruling by the military judge.

. . . .

(3) The military judge shall examine the evidence or a proffer thereof *in camera*, if such examination is necessary to rule on the motion.

We have found no applicable military or Federal case law. For their persuasive authority only, we will consider State appellate court decisions addressing the issue of prerequisites for *in camera* review under State psychotherapist-patient privilege rules similar to MIL. R. EVID. 513.

In *Oregon v. Bassine*, 188 Or.App. 228, 71 P.3d 72 (2003), the Oregon Court of Appeals held that the trial court did not err in refusing to conduct an *in camera* inspection of privileged psychiatric records before ruling on a defense request for their production in a case involving charges of child sexual abuse. The court differentiated between privileged material in the possession of the State and therefore subject to discovery, which must be disclosed for *in camera* review, and privileged material possessed solely by a third party and not subject to discovery. "To be entitled to an *in camera* inspection of privileged material not subject to discovery, defendant must make a threshold showing that the inspection might yield evidence that an exception to nondisclosure applied." *Id.* at 234, 71 P.3d 72.

In a case involving Wisconsin's patient-psychotherapist privilege, that State's Supreme Court ruled that the trial court had not erred in refusing to conduct an *in camera* review of a child sexual assault victim's counseling records because the defense failed to meet its burden to compel review. *Wisconsin v. Green*, 253 Wis.2d 356, 646 N.W.2d 298 (2002). Applying a de novo standard of review, the court stated that the threshold for *in camera* review was a showing by the moving party of "a specific factual basis demonstrating a reasonable likelihood that the records contain relevant information necessary to a determination of guilt or innocence and is not merely cumulative to other evi-

dence available. . . ." *Id.* at 303. The court declined to adopt a higher "materiality" standard as a prerequisite for *in camera* review. *Id.* at 309. The court stated that the moving party must show that it had conducted a "reasonable investigation" into the background and counseling of the holder of the privilege through "other means" before the records would be made available. *Id.* at 310. The court concluded by stating that "mere conjecture or speculation" as to the contents of the records would not suffice. *Id.*

■ We conclude that, when the patient objects, a threshold showing is required before an *in camera* review of records subject to the protections of MIL. R. EVID. 513 may be ordered. Failure to recognize this logical necessity would entirely thwart the basis of this rule: to facilitate and secure "the social benefit of confidential counseling recognized by [*Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)], and similar to the clergy-penitent privilege." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), App. 22, at A22–44. Since MIL. R. EVID. 513 and military case law do not define that threshold, we will review de novo the military judge's decision using a standard similar to that of the Wisconsin Supreme Court in *Green:* (1) did the moving party set forth a specific factual basis demonstrating a reasonable likelihood that the requested privileged records would yield evidence admissible under an exception to MIL. R. EVID. 513; (2) is the information sought merely cumulative of other information available; and (3) did the moving party make reasonable efforts to obtain the same or substantially similar information through non-privileged sources?

■ This standard is not high, because we know that the moving party will often be unable to determine the specific information contained in a psychotherapist's records. In this case, we find that the Government satisfied this three-part standard. The death of a child at the hands of his father, followed soon thereafter by a discussion between the parents of the father's treatment of the child and then by psychological counseling for the child's mother, reasonably led to the conclusion that records of that counseling would contain information related to the event and

the reactions of the victim's mother. The counseling records could reasonably be expected to contain Mrs. Klemick's recollections of statements made by the appellant and her knowledge of the appellant's role in this event. The Government showed that, as evidence of child abuse, such information may be admissible as an exception to the general rule of privilege under MIL. R. EVID. 513(d)(2). The record does not suggest that this information was cumulative of other evidence then available to the Government. Finally, the Government attempted to interview Mrs. Klemick in an effort to obtain this and other evidence, but was not successful in doing so before it moved for production of the psychotherapist's records. Upon this threshold showing, the military judge properly ordered and conducted the *in camera* review.

■ We turn next to the appellant's indirect challenge of the military judge's decision to release portions of the psychotherapist's records to the parties. He contends that this decision "affected the presentencing portion of Appellant's trial by intimidating potential familial witnesses." Appellant's Supplemental Assignment of Error at 2.

Again, we note that these records were not admitted into evidence, but were made available to the parties for their possible use in cross-examining Mrs. Klemick. Case law does not provide a standard of review to apply in this situation. We find guidance, however, in our superior court's analysis of a military judge's decision that an appellant's references, voluntarily made to a third party, to the content of a marital communication amounted to a disclosure sufficient to waive the marital privilege under MIL. R. EVID. 510. In *United States v. McElhaney,* 54 M.J. 120, 132 (C.A.A.F.2000), the court stated that whether a conversation was privileged was a mixed question of law and fact, citing *United States v. Napoleon,* 46 M.J. 279, 284 (C.A.A.F.1997), and the military judge's ultimate decision to admit the conversation into evidence was reviewed for an abuse of discretion under *United States v. Schlamer,* 52 M.J. 80, 84 (C.A.A.F.1999). Application of an abuse of discretion standard to the decision to disclose a psychotherapist's records makes

**581**

sense. This decision should not be subject to stricter appellate scrutiny than a possible follow-on decision by the military judge to admit those records into evidence.

A finding of an abuse of discretion requires more than a mere difference of opinion between an appellate court and the military judge. We will reverse a disputed evidentiary decision only when it was "'arbitrary, fanciful, clearly unreasonable' or 'clearly erroneous.'" *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F.1997)(quoting *United States v. Travers*, 25 M.J. 61, 62 (C.M.A.1987)).

In this case, the military judge first reviewed the psychotherapist's records *in camera* to determine whether they contained communications from the patient related to possible child abuse, a question of fact. He then determined whether the communications fell under the exception to the general rule of privilege under MIL. R. EVID. 513(d)(2) and should be disclosed to the parties for possible use during the trial. We have reviewed those portions of the psychotherapist's records released by the military judge to the parties. AE XXVI. They contain evidence of possible child abuse, which we conclude fell under the MIL. R. EVID. 513(d)(2) exception. The military judge's decision was not arbitrary, unreasonable, or based on a clearly erroneous understanding of the law. He, therefore, did not abuse his discretion in ordering their disclosure to the parties.

Assuming *arguendo* that the military judge erred in disclosing the records, we note again that they were not used by the parties in the course of the trial. The appellant contends that the military judge's decision "intimidated" potential familial witnesses but fails to tell us which witnesses, why they decided not to testify, the substance of their proposed testimony, and the harm to the appellant caused by their refusal to testify. Presumably Mrs. Klemick was one of these witnesses, but the record and pleadings contain no information to explain why she did not testify. We decline to speculate on the possible reasons and have no basis to conclude that the appellant was prejudiced by her absence. Any error by the military judge was harmless. This assignment of error is without merit.

### Sentence Appropriateness

The appellant asserts that a sentence that includes a dismissal is inappropriately severe in light of his record of service.

In determining the appropriateness of a sentence, we are to afford the appellant individualized consideration under the law. Specifically, we must review the appropriateness of the sentence based upon the "'nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982)(quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A.1959)). This requires a balancing of the offenses against the character of the offender. We may consider only sentence appropriateness as opposed to clemency, which is within the purview of the convening authority. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988).

Upon consideration of the entire record, including the providence inquiry, the appellant's unsworn statement, and the evidence offered in both aggravation and mitigation, we do not find the appellant's sentence to be inappropriately severe. The appellant admitted causing the death of his infant son by violently shaking him for 10 seconds in a fit of frustration. He further admitted violently grabbing and shaking his son on several occasions over the previous three months. Balancing these offenses against the appellant's character and considering his excellent service record, we do not conclude that a sentence that includes dismissal from the Navy is inappropriately severe. This assignment of error is without merit.

### Conclusion

The findings of guilty and the sentence, as approved by the convening authority, are affirmed.

Chief Judge ROLPH and Senior Judge HARTY concur.