# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**AT,**
**Petitioner**
**v.**
**Colonel JEFFERY D. LIPPERT, U.S. Army, Military Judge,**
**Respondent**
**and**
**Staff Sergeant ANTHONY POWELL**
**U.S. Army,**
**Real Party in Interest**

ARMY MISC 20150387

11 June 2015

---------------------------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS
---------------------------------------------------------------------------------------------

Per Curiam:

The real party in interest is charged with two specifications of abusive sexual contact, one specification of sodomy, and three specifications of assault consummated by a battery in violation of Articles 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928 (2012 & Supp. I 2014).

Petitioner, through special victims' counsel, seeks extraordinary relief in the nature of a writ of mandamus vacating the military judge's order that petitioner's confidential records of communication with a victim advocate be produced for in camera review pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 514. Petitioner also requests this court grant her motion for oral argument on this issue and stay the court-martial proceedings pending our decision on the matter. We conclude that issuance of the requested writ is inappropriate and unnecessary under the circumstances and, therefore, we need not grant oral argument or issue a stay.

Petitioner is, of course, correct that communications by a victim to a victim advocate, acting in that capacity, are confidential if the communications were not intended to be disclosed to a third person. Mil. R. Evid. 514(b)(3). She here complains that the judge erred by declaring her communications to the victim advocate as not confidential because she expressed her intent to make an unrestricted

report of sexual assault. While review of Army Regulation 600-20 on the subject of unrestricted reporting suggests that the details of the reported assault communicated to a victim advocate in a case of an unrestricted report would not be privileged under Mil. R. Evid. 514, the evidence in this case adequately establishes that petitioner's intent to disclose was limited to the mere allegations that a sexual assault was perpetrated and her identity as victim. However one might interpret the pertinent regulations, it is the victim who defines the scope of information to be disclosed to third persons under Mil. R. Evid. 514. Therefore, anything in the judge's order that might be interpreted otherwise would be incorrect.[1]

Petitioner further complains that the judge erred by failing to enforce the threshold requirements for the production of records for the purpose of in camera review under Mil. R. Evid. 513 to this situation under Mil. R. Evid. 514. *See United States v. Klemick*, 65 M.J. 576, 580 (N.M. Ct. Crim. App. 2006). However, whether or not the *Klemick* threshold requirements for Mil. R. Evid. 513 apply to matters under Mil. R. Evid. 514, the accused here adequately demonstrated a reasonable likelihood that petitioner's communications to the victim advocate about the very allegations that serve as the basis for the charges against him include evidence admissible under Mil. R. Evid. 514(d)(6) that may not otherwise be discovered.[2] *See id.* ("This standard is not high, because we know that the moving party will often be unable to determine the specific information contained in [the requested] records."). Under these circumstances, and in light of the lesser burden of production in any such matter, we find the judge did not abuse his discretion by ordering the production of the records in question for in camera review in accordance with Mil. R. Evid. 514(d)(6) and (e).[3]

---

[1] The judge's rulings are ultimately confusing in that he seems to declare all of the Sexual Harassment/Assault Response and Prevention (SHARP) records to be non-confidential and unprotected by Mil. R. Evid. 514 yet, nevertheless, orders their in camera review pursuant to Mil. R. Evid. 514.

[2] We reject petitioner's arguments that the requested information cannot be constitutionally required as a matter of law at this stage of the proceedings. *See* Mil. R. Evid. 514(d)(6). For example, the requirement that *Brady v. Maryland*, 373 U.S. 83 (1963), material be disclosed is certainly applicable. *See United States v. Williams*, 50 M.J. 436, 440-41 (C.A.A.F. 1999).

[3] The rule provides that the military judge may examine the evidence or a proffer thereof in camera, if such examination is necessary to rule on the motion to compel discovery of the records. Mil. R. Evid. 514(e)(3).

## CONCLUSION

The Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, the Motion for Oral Argument, and the Application for a Stay of the Proceedings are DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court