UNITED STATES, Appellee

v.

Daniel P. MILLER, Specialist, United States Army, Appellant.

No. 96–0772.
Crim. App. No. 9401531.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 4, 1996.

Decided March 19, 1997.

For Appellant: *Captain Mary J. Bradley* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters* and *Ma-*

jor *J. Frank Burnette* (on brief); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker* and *Captain Michael A. Myers, Sr.*

For Appellee: *Captain Joanne P. Tetreault* (argued); *Colonel John M. Smith* and *Lieutenant Colonel Eva M. Novak* (on brief).

## Opinion of the Court

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial at Fort Meade, Maryland, of committing sodomy with, taking indecent liberties with, and committing indecent acts upon a child under 16 years of age, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The convening authority approved the adjudged sentence of a dishonorable discharge, 6 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED THE GOVERNMENT TO PRESENT EVIDENCE OF UNCHARGED MISCONDUCT.

We hold that the judge did not abuse his discretion in admitting evidence of appellant's uncharged misconduct.

## FACTS

Appellant met the young male victim in this case, R, through R's mother and step-father, Sergeant and Mrs. G. Appellant and 8–year–old R became "best friends." They spent a great deal of time together. Appellant baby-sat for R. Appellant bought R games, including a battery operated car, comics, and a shirt. He wrestled with R. Appellant took· R places and let R do things that his parents would not allow, such as feeding fish. During this time, R's mother and step-father were very busy and did not have much time to spend with R.

Eventually, Mrs. G saw appellant touching R's groin area. Upon questioning, R told his mother that appellant had been sexually molesting him. In particular, R told his mother (and testified) that appellant placed his hand in R's groin area when they were wrestling. Later in the relationship, the "touching" escalated. According to R, appellant "would give me blowjobs. He would make me put vaseline on my hands and rub up and down on his penis. He tried to stick his butt in my penis [sic]." This conduct occurred at appellant's barracks and at R's home.

At trial, over defense objection, the military judge admitted evidence of appellant's uncharged misconduct with K, another young male, between 1988 and 1990. K was approximately 9 years old at the time. The uncharged misconduct evidence revealed that appellant met K through K's older brother. K's father worked two jobs, his mother also worked outside the home, and his older brother no longer lived at home. Appellant frequently visited K and gave him attention that he was not receiving from his family. In particular, appellant bought candy that K was selling, gave K soft drinks, allowed K to play the organ at appellant's house, and wrestled with K.

K testified that appellant often brushed up against his "private parts" when they wrestled. This physical contact progressively increased. .For example, appellant would fondle and orally sodomize K when he put him to bed. Appellant would tell K that he could play appellant's organ if he visited appellant's house. Once there, appellant would fondle K and commit sodomy. After appellant again fondled and sodomized K at K's brother's house, K told his father what was going on.

Appellant was tried and acquitted by a Minnesota court of charges stemming from his behavior with K. That fact notwithstanding, the military judge decided to admit evidence of appellant's actions with K. Specifically, the judge found that the uncharged misconduct met the three-prong test articulated by this Court in *United States v. Reynolds*, 29 MJ 105, 109 (1989). The military judge stated the following:

> To answer the question which both parties have asked me to answer at this time,

the answer is I will allow the government to present the evidence of the uncharged misconduct from Minnesota. Now, to address some of the particular legal matters involved, first of all, I find the evidence would be sufficient for a member to reasonably reach a finding that the accused committed other crimes or acts of misconduct. Secondly, I find, as you will see later, that the facts of consequence are made even more or less probable by this evidence, and thirdly, I've considered the balancing issue under 403, and I specifically find the probative value is not substantially outweighed by the danger of unfair prejudice. I find that the evidence is admissible because it shows evidence of a common scheme or plan on the part of the accused. It also shows intent. With respect to the common scheme or plan, I note the similarities in the ages of the alleged victims; the similarity in the fact that they were children who needed attention; that the accused ingratiated himself to both of the alleged victims by giving them attention and indicating he was their best friend by buying them varying items by relying upon their interests which were unavailable to them in their homes, in one case, a musical instrument, organ, in another case, the ability to feed the fish; by engaging in wrestling conduct which, although perhaps innocent in some respects, was also [ ] at least of a somewhat [ ] sexual nature [ ] in some respect; by increasing escalation of degrees of sexual conduct from working up from fondling and going up from there; and by committing these acts in both the homes of the alleged victims and in his own home as opposed to other locations that might have been available. It also tends to corroborate identity.

## DISCUSSION

■ An appellate court should not overturn a military judge's decision to admit evidence under Mil.R.Evid. 403, Manual for Courts–Martial, United States (1995 ed.), absent a clear abuse of discretion. *United States v. Lake,* 36 MJ 317, 322 (CMA 1993). "To reverse for 'an abuse of discretion involves far more than a difference in ... opinion.... The challenged action must ... be found to be "arbitrary, fanciful, clearly unreasonable," or "clearly erroneous" in order to be invalidated on appeal.'" *United States v. Travers,* 25 MJ 61, 62 (CMA 1987), quoting *United States v. Yoakum,* 8 MJ 763 (ACMR 1980), *aff'd on other grounds,* 9 MJ 417 (CMA 1980).

Mil.R.Evid. 404(b) provides:

*Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, that upon request by the accused, the prosecution shall provide reasonable notice in advance of trial, or during trial if the military judge excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The first sentence of Mil.R.Evid. 404(b) prohibits propensity evidence. Then the rule states that evidence of "crimes, wrongs, or acts" is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," rather than for proof of character.

■ "Accordingly, the sole test under Mil. R.Evid. 404(b) is whether the evidence of the misconduct is offered for some purpose other than to demonstrate the accused's predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses." *United States v. Castillo,* 29 MJ 145, 150 (CMA 1989).

■ In order to be admissible, evidence of uncharged misconduct must: (1) reasonably support a finding that an accused committed prior crimes, wrongs, or acts; (2) make a fact of consequence more or less probable; and (3) possess probative value that is not substantially outweighed by its danger for unfair prejudice. *See Reynolds,* 29 MJ at 109. Ap-

pellant's alleged sexual molestations of K satisfy each of these three requirements.

■ First, the uncharged misconduct does reasonably support a finding that appellant sexually molested K. Appellant's prior acquittal of the charge of sexual molestation of K is not dispositive. In *United States v. Hicks*, 24 MJ 3, 8–9 (1987) (citations omitted), we stated:

> [C]ollateral estoppel does not preclude use of otherwise admissible evidence even though it was previously introduced on charges of which an accused has been acquitted ... The questions to be decided are whether the evidence is relevant (Mil.R.Evid.401) and whether the probative value of the proffered evidence is outweighed by its prejudicial effect (Mil.R.Evid.403). The relevance of evidence of prior misconduct is governed by Mil.R.Evid. 404(b)....

The general verdict of not guilty returned in criminal cases indicates that the prosecution did not prove every element of the charged crime beyond a reasonable doubt. This is a higher standard than is required for the introduction of other-acts evidence under Mil.R.Evid. 404(b).... Furthermore, an act does not have to result in criminal liability or even constitute a crime in order to be admissible under Mil. R.Evid. 404(b). The relevance of the act, not its criminality, is important. The fact of the prior acquittal may diminish the probative value of the evidence, however, and should be considered by the military judge when determining whether "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*See also United States v. Cuellar*, 27 MJ 50, 54 (CMA 1988). The Government presented sufficient evidence that appellant molested K. Specifically, there was corroborating testimony by K, K's father, and K's brother.

■ Second, the uncharged misconduct made a fact of consequence more or less probable. The specific circumstances related to appellant's sexual molestation of K showed appellant's intent, plan or scheme, or motive to molest R, rather than appellant's propensity to molest. *See United States v. Munoz*, 32 MJ 359 (CMA 1991). The military judge specifically found that "the facts of consequence are made even more or less probable by this evidence." The military judge noted that both victims were of similar age (8 to 9 years old) and needed attention, that appellant gave both of them ·attention, that he gave and bought both boys various items, and that he was their best friend, allowing them to do activities that their parents would not (for example, play the organ and feed the fish). Further, the molestation of both boys occurred at appellant's barracks and at the boys' homes. Finally, the degree of sexual contact gradually escalated with respect to both victims and was similar in nature (for example, wrestling).

■ Third, the danger of unfair prejudice did not substantially outweigh the probative value of appellant's sexual molestation of K. The military judge specifically found that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. Although the evidence was prejudicial to appellant, it was not unfairly prejudicial and had significant probative value. Any danger of unfair prejudice was minimized at this bench trial where the judge is presumed to know the law and consider the evidence only for the limited purposes permitted by Mil.R.Evid. 403 and 404. *See United States v. Prevatte*, 40 MJ 396, 398 (CMA 1994).

We hold that the judge did not abuse his discretion in admitting the uncharged misconduct evidence. This evidence was not admitted to show appellant's propensity to commit crime but was legally and logically relevant to the facts at issue.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, GIERKE, and EFFRON concur.