# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman First Class JOSHUA D. NEWSOM
### United States Air Force

## ACM 38224

## 16 January 2014

Sentence adjudged 8 June 2012 by GCM convened at Malmstrom Air Force Base, Montana. Military Judge: Martin T. Mitchell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 2 years, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Christopher D. James and Dwight H. Sullivan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Nurit Anderson; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, consistent with his pleas, of one specification of conspiracy to commit larceny; six specifications of larceny of nonmilitary property; one specification of making a false official statement; one specification of wrongful use of marijuana; one specification of failure to obey a lawful order; one specification of dereliction of duty; and one specification of unlawful entry, in violation of Articles 81, 121, 107, 112a, 92, and 134, UCMJ, 10 U.S.C. §§ 881, 921, 907, 912a, 892, 934. Contrary to his pleas, the appellant was also convicted of one specification of larceny of military property and one

specification of larceny of nonmilitary property, in violation of Article 121, UCMJ.  The adjudged sentence consisted of a dishonorable discharge, confinement for 2 years, and reduction to E-1.  The convening authority approved the sentence as adjudged, but waived automatic forfeitures for the benefit of the appellant's dependents.

The appellant has submitted three assignments of error: (1) Whether the military judge erred by failing to suppress the appellant's confession and evidence derived therefrom; (2) Whether the Government's violation of the 120-day post-trial processing standard for taking action after completion of trial warrants meaningful relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002); and (3) Whether the evidence is factually insufficient to prove larceny of military property beyond a reasonable doubt.[1]

*Background*

In his short Air Force career, the appellant engaged in numerous criminal acts which eventually led to his court-martial.  The facts surrounding most of his offenses are not relevant for our consideration of the errors alleged.  The facts pertinent to our discussion are outlined below.

The appellant and Airman Basic (AB) DN had been friends prior to a falling out over the appellant's having implicated AB DN in a criminal investigation.  When AB DN was placed in pretrial confinement, the appellant was unable to retrieve some uniform items and a fish tank he had left in AB DN's dorm room.

Without AB DN's permission, the appellant and Airman First Class (A1C) MG entered AB DN's dorm room through an unlocked window.  The appellant retrieved his items and climbed back out the window.  While the appellant was retrieving his belongings, A1C MG noticed AB DN's military gear in the bottom of a closet.  A1C MG grabbed an A-bag and stuffed the gear into it.

A1C MG handed the bag to the appellant through the window.  The appellant asked what was in the bag and A1C MG responded that it was gear from AB DN's closet.  A1C MG asked the appellant if he would keep the stuff at his apartment.  After leaving the dorms, the pair drove to the appellant's apartment where the gear was stored for a month and a half before A1C MG picked it up.

On 23 August 2011, the appellant was questioned by military investigators concerning a myriad of alleged crimes.  The appellant was advised of his rights under Article 31, UCMJ, 10 U.S.C. § 831, which he waived prior to questioning.

---

[1] This issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Although he initially denied involvement multiple times at the outset of the interview, the appellant eventually admitted to his role in the taking of the military gear from AB DN's room and identified A1C MG as also being involved. He also admitted to underage drinking. After these admissions, the appellant was asked who provided the alcohol. The appellant hesitated in responding. The investigator told that appellant that not telling what he knew was "lying by omission" and could get him put in jail. The appellant then identified the persons who had provided the alcohol.

Later in the interview, the appellant confessed to marijuana and spice use. At the conclusion of the oral interview, the appellant was again advised of his rights in conjunction with making a written statement on an Air Force Form 1168, *Statement of Suspect/Witness/Complainant*.

Following the appellant's admissions, investigators interviewed A1C MG. Like the appellant, A1C MG initially denied any involvement with the larceny of AB DN's military gear. However, when confronted with the fact that the appellant had implicated him, A1C MG admitted his involvement. He also confessed to numerous other larcenies and implicated the appellant in those additional crimes.

The appellant was also questioned by criminal investigators on 29 August and 14 September 2011 under rights advisement. On both occasions, the appellant made incriminating admissions. At trial, the military judge denied the appellant's motion to suppress the 23 August 2011 statements made after the "lying by omission" comment, as well as all evidence derived from those statements, to include the statements made on 29 August and 14 September 2011. Despite having prevailed on the motion, the Government did not introduce any of the appellant's three statements during their findings case. The Government did, however, call A1C MG as a witness against the appellant.

The appellant's five-day court-martial concluded on 8 June 2012. It took 83 days for the 572 page record to be transcribed. The court reporter responsible for transcribing the record was on medical leave for 40 of those 83 days. The record of trial was authenticated on 21 September 2012 and the Staff Judge Advocate's recommendation was completed on 16 October 2012. When the appellant submitted clemency matters on 7 November 2012, he noted over 120 days had already passed since the conclusion of the trial. The Convening Authority took action on 15 November 2012, 160 days after the completion of the trial.

*Motion to Suppress*

The appellant alleges the military judge erred by failing to suppress portions of his confession and the evidence derived therefrom which occurred after an investigator told him that not answering a question was lying by omission and could result in him going to

jail.[2] "The voluntariness of a confession is a question of law which we review de novo." *United States v. Ellis*, 57 M.J. 375, 378 (C.A.A.F. 2002). This Court reviews a military judge's findings of fact under a "clearly erroneous" standard. *United States v. Pipkin*, 58 M.J. 358, 360 (C.A.A.F. 2003). "An abuse of discretion occurs when the trial court's findings of fact are clearly erroneous or if the court's decision is influenced by an erroneous view of the law." *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008) (citation omitted). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'" *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997); *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)).

"[A]n involuntary statement or any derivative evidence therefrom may not be received in evidence against an accused who made the statement." Mil. R. Evid. 304(a). "A statement is 'involuntary' if it is obtained in violation of the self-incrimination privilege or due process clause of the Fifth Amendment to the Constitution of the United States, Article 31, [UCMJ,] or through the use of coercion, unlawful influence, or unlawful inducement." Mil. R. Evid. 304(c)(3).

Under the provisions of Article 31, UCMJ, a suspect's right to remain silent does not depend upon whether he is innocent or guilty; it depends upon whether he is a suspect. *United States v. Hundley*, 45 C.M.R. 94 (C.M.A. 1972). "If a suspect is warned that he can remain silent only if he was in fact involved in the offense of which he is suspected, that advice is improper as a part of an Article 31[, UCMJ,] warning." *Id*.; *see also United States v Williams*, 9 C.M.R. 60 (C.M.A. 1953); *United States v. Elliott*, 35 C.M.R. 153 (C.M.A. 1964).

In the present case, the Government did not introduce any of the three statements the appellant made and, thus, any challenge to the military judge's ruling concerning the statements is moot. However, the appellant also contends that, but for his confession, A1C MG would not have confessed and thereby implicated him in additional crimes. The appellant further argues that A1C MG's confession and subsequent testimony against him was derivative of his 23 August 2011 confession. While it is true that A1C MG confessed after being confronted with the fact that the appellant implicated him, we find the claim that he would not have confessed but for being implicated by the appellant to be dubious. Nonetheless, it does not matter to our analysis. The appellant's position is simply not supported by the facts. Before the investigator said anything at all about lying by omission, the appellant had admitted to his involvement in the break-in at AB DN's room and that A1C MG was involved.

---

[2] The appellant concedes that the military judge's ruling on the suppression motion does not affect the validity of his guilty pleas.

Considering the totality of the circumstances, we conclude the appellant's confession was voluntary. We hold that the military judge did not err in failing to suppress the confession.

We caution against any overly broad reading of our holding. We are deeply troubled by the investigator's decision to tell the appellant, after an Article 31, UCMJ, rights advisement, that not answering questions is lying by omission and could result in his being sent to jail. This is an incorrect statement of the law. Even more troubling, under different facts such conduct could very well result in a clear violation of Article 31, UCMJ.

*Post-Trial Delay*

The appellant argues that he was deprived of his right to a speedy post-trial review because 160 days elapsed between the date of sentencing and the date of the convening authority's action. We review an appellant's due process right to a speedy post-trial review de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). In *Moreno,* our superior court established guidelines that trigger a presumption of unreasonable delay in certain circumstances: (1) when the action of the convening authority is not taken within 120 days of the completion of trial; (2) when the record of trial is not docketed by the service Court of Criminal Appeals within 30 days of action; and (3) when appellate review is not completed with a decision rendered within 18 months of docketing the case before the Court of Criminal Appeals. *Id.* at 142. Furthermore, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers the service courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224. The appellant asks that we provide him meaningful relief under *Tardif*.

In this case, the total period of time from trial to action was greater than 120 days. Because this delay is facially unreasonable, we examine claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135-36. When we assume error, but are able to directly conclude it was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). This approach is appropriate in the appellant's case. Having reviewed the entire record in this case, we find that the appellant has articulated no prejudice, and we likewise find none.

We also find insufficient reason to grant the appellant relief under *Tardif*. The record shows that the Government surpassed the 120-day threshold between sentencing and action by 40 days. However, we find no evidence of bad faith or gross indifference to the post-trial processing of the appellant's case sufficient to prompt sentence relief or

to exercise our power under Article 66(c), UCMJ, to provide a windfall remedy to the appellant by disapproving an otherwise legal sentence. Having considered the totality of the circumstances and the entire record, we conclude that any denial of the appellant's right to speedy post-trial review was harmless beyond a reasonable doubt, and that relief is not otherwise warranted. *See United States v. Harvey*, 64 M.J. 13, 24-25 (C.A.A.F. 2006); *Tardif*, 57 M.J. at 224.

*Factual Sufficiency*

The appellant argues that the evidence is factually insufficient to prove that he stole military property as alleged in Specification 1 of Charge III. The appellant's position is that A1C MG was solely responsible for the theft and that he bears no culpability for the crime.

Under Article 66(c), UCMJ, we review issues of factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). Review of the evidence is limited to the entire record, which includes only the evidence admitted at trial and exposed to the crucible of cross-examination. Article 66(c), UCMJ; *United States v. Bethea*, 46 C.M.R. 223, 224-25 (C.M.A. 1973).

The appellant does not dispute that the actions of A1C MG amount to larceny. Rather, the appellant claims he is not criminally liable for the theft because he did not realize A1C MG was taking the military gear from the closet. This argument ignores the facts and the law. Legally, an individual who assists in the commission of an offense is a principal to that offense and "equally guilty of the offense as the one who commits it." Article 77(b)(1), UCMJ, 10 U.S.C. § 877(b)(1). The appellant went to AB DN's room with A1C MG. Although the appellant initially may not have been aware of A1C MG's intent to steal the military gear, he soon became aware of that intent and assisted in the commission of the offense. While the appellant was standing outside of AB DN's room and A1C MG was inside, A1C MG handed the appellant a bag. The appellant asked what was in the bag and was told it was gear from AB DN's closet. The appellant not only helped A1C MG physically remove the stolen gear from the dorm room but he stored it at his residence for a month and a half until A1C MG eventually picked it up.

We have considered the evidence in the light most favorable to the prosecution. We have also made allowances for not having personally observed the witnesses. Having paid particular attention to the matters raised by the appellant, we find the evidence factually sufficient to support his conviction. We are convinced beyond a reasonable doubt that the appellant is guilty of the charge and specification at issue.

ACM 38224

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38224