# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**MICHAEL A. WILLIAMS**
**CAPTAIN (O-3), U.S. MARINE CORPS**

**NMCCA 201500069**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 23 October 2014.
**Military Judge**: LtCol C.A. Miracle, USMC.
**Convening Authority**: Commanding General, 4th Marine Aircraft Wing, New Orleans, LA.
**Staff Judge Advocate's Recommendation**: Col E.R. Kleis, USMC.
**For Appellant**: Maj John Stephens, USMC.
**For Appellee**: LCDR Justin Henderson, JAGC, USN; LT James Belforti, JAGC, USN.

**24 November 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial consisting of members convicted the appellant, contrary to his pleas, of four specifications of making a false official statement and two specifications of larceny, in violation of articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921.  The members sentenced the appellant to confinement for twenty-six months, a

fine of $28,063.00, and a dismissal.  The convening authority approved the sentenced as adjudged.

The appellant now raises two assignments of error: (1) the military judge erred, and violated MILITARY RULE OF EVIDENCE 404(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES, United States (2012 ed.) by permitting the Government to offer the appellant's confession that he engaged in prostitution with "over fifty prostitutes" in Thailand; and (2) that a sentence to twenty-six months of confinement was inappropriate.

After careful consideration of the record of trial and the parties' pleadings, we are satisfied that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellate occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant arrived at Naval Station Great Lakes and checked into Marine Air Control Group 48 in June 2011, where he represented he was a "bonafide bachelor" and was thus permitted to move into government quarters set aside for that purpose. However, the appellant also received Basic Allowance for Housing (BAH) payments since he falsely reported that he lived in an apartment in Chicago.  The resultant theft of over $28,000.00 in BAH funds was the basis for the larceny convictions.

Upon discovering that the appellant was living in government quarters, his command initiated a preliminary inquiry.  During the inquiry, the appellant made a series of deceptive statements and produced several forged documents to cover his deceit.  These included forging a marriage license indicating he was married to a Japanese national, forging a lease for an apartment in Chicago, and falsifying a Navy dependency application form.  In addition, the appellant provided the investigating officer a signed statement wherein he claimed he was married, that he paid rent and utilities for a Tokyo condo his spouse was living in, only used his government quarters for storage, and that his sister had recently died and he was having difficulty settling her estate and taking care of his sixteen-year-old brother as a result-all statements that were utterly false.  However, the command took this officer at his word and attempted to assist him.

Shortly thereafter, the command became suspicious and conducted further investigation.  Eventually, the appellant's deceit became clear and the command discovered that the appellant had also falsely represented that he went on leave to

2

Texas, California, and Japan, when in fact he had used his official passport to travel to Thailand for the purpose of engaging in sex with prostitutes.

The appellant was subsequently tried for the following violations of the UCMJ:

I.  Four specifications of making a false official statement, in violation of Article 107 by signing leave requests falsely representing that he was on leave in Texas, California, and Japan when he in fact traveled to Thailand; by signing an official statement wherein the appellant falsely made the claims discussed *infra*; and two counts of signing Navy dependency application forms when he knew he was not married.  The appellant was convicted of each of these specifications.

II.  Two specifications of larceny, in violation of Article 121 by stealing BAH.  The appellant was convicted of both specifications.

III.  One specification of forgery, in violation of Article 123 by falsifying signatures on a marriage license from Texas to indicate that he was legally married.  The appellant was acquitted of this offense.

IV.  One specification of conduct unbecoming an officer in violation of Article 133 for, on divers occasions, wrongfully using his official passport to travel to Bangkok, Thailand.  The appellant was acquitted of this offense.

V.  One specification of wrongfully impeding an investigation in violation of Article 134 by submitting fraudulent documents to his military personnel center.  The appellant was acquitted of this offense.

The appellant was also charged with one specification of pandering, in violation of Article 134 for procuring a person to engage in sexual intercourse for hire on divers occasions.  The judge dismissed this specification prior to trial for failure to comply with MIL. R. EVID. 304(g) (lack of corroboration of a confession).  However, the Government immediately notified the defense that it intended to offer the appellant's statement as an exhibit (wherein he states that he traveled to Bangkok to procure prostitutes) under MIL. R. EVID. 404(b), arguing that the evidence establishes the appellant's motive for lying to his command about his leave locations, as alleged in Specification 1 of Charge I.

3

The defense objected, arguing that the evidence constituted "uncharged misconduct" and was inadmissible under MIL. R. EVID. 404(b). Specifically, the defense argued that the probative value of the evidence was substantially outweighed by its unfair prejudice because the "Government can prove its case, that [the appellant] provided false leave addresses . . . without providing the members with information regarding soliciting [sic] of prostitutes."[1]

The military judge admitted the exhibit. Prior to sentencing, the defense stated it had no objection to admission at sentencing of any of the exhibits admitted during the merits and the exhibit was provided to the members for sentencing purposes as well.

**Discussion**

We first address the appellant's argument that the military judge abused his discretion in admitting the appellant's statement. We review evidentiary rulings for an abuse of discretion, *United States v. Stanton*, 69 M.J. 228, 230 (C.A.A.F. 2010), and will not overturn a military judge's ruling unless it is "'arbitrary, fanciful, clearly unreasonable' or 'clearly erroneous,'" *United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)), or influenced by an erroneous view of the law, *id.* (quoting *United States v. Humpherys*, 57 M.J. 83, 90 (C.A.A.F. 2002)).

The test for admissibility of evidence of "uncharged misconduct" is "'whether the evidence of the misconduct is offered for some purpose other than to demonstrate the accused's predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses.'" *United States v. Thompson*, 63 M.J. 228, 230 (C.A.A.F. 2006) (quoting *United States v. Castillo*, 29 M.J. 145, 150 (C.M.A. 1989)) (additional citation omitted). Permissible purposes may include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. MIL. R. EVID. 404(b).

In ruling on the defense motion to exclude the appellant's statement under MIL. R. EVID. 404(b), military judges should apply the three-part test articulated in *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A. 1989):

---

[1] Appellate Exhibit XI at 3.

1. Does the evidence reasonably support a finding by the court members that the appellant committed the prior act?

2. What fact of consequence is made more or less probable by the existence of this evidence?

3. Is the probative value substantially outweighed by the danger of unfair prejudice?  On this third prong, the military judge should consider the following factors: the strength of the proof of the prior act; the probative weight of the evidence; the potential to present less prejudicial evidence; the possible distraction of the fact-finder; the time needed to prove the prior conduct; the temporal proximity of the prior event; the frequency of the acts; the presence of any intervening circumstances; and the relationship between the parties.  *United States v. Berry*, 61 M.J. 91, 95 (C.A.A.F. 2005).

Here, the military judge considered these factors, specifically determining:

1.  The evidence reasonably supported a finding that the appellant committed the prior act because "the strength of the proof of the prior act [is] very high because it comes directly from the accused's admissions to [law enforcement]."[2]

2.  The evidence was probative to two of the specifications. First, Specification 1 of Charge I alleged the appellant falsely represented that he was on leave in Texas, California, and Japan and required proof that, *inter alia*, the statement was made with the intent to deceive.  The military judge found that "[e]vidence that the accused did not want his command to know where he was travelling because he was doing so to partake in prostitution is probative evidence that the false statement of his leave location was made with the intent to deceive his command."[3]

Second, the sole Specification of Charge III required the Government to prove that the appellant wrongfully used his official passport and that such conduct was unbecoming of an officer and a gentleman.  "Unbecoming conduct" is defined as "action or behavior in an official capacity which, in dishonoring or disgracing the person as an officer, seriously compromises that officer's character as a gentleman[.]"  MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 59(c)(2).  The military judge held that "evidence of the [appellant's]

---

[2]  AE XXII at 5.

[3]  *Id.* at 4.

statement of his purpose in . . . using the official passport is therefore probative evidence of whether the alleged misuse of the official passport was in fact conduct unbecoming."[4]

3.  Finally, the military judge applied the relevant *Berry* factors to determine that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  In addition to the strength of and high probative value of the evidence previously discussed, the military judge determined that less prejudicial evidence was unavailable and the time needed to prove the prior conduct was minimal.

Moreover, he found that the temporal proximity of the acts "are relevant as occurring during the [charged] events alleged."[5] Finally, the military judge found the evidence did present a risk of distraction to the members and so permitted the defense both the ability "to ask additional *voir dire* questions on the issue of prostitution as well as offer an instruction on the issue for the court's consideration.[6]

The military judge's findings and conclusions are not "arbitrary, fanciful, clearly unreasonable, or clearly erroneous" nor are they "influenced by an erroneous view of the law."  Therefore, he did not abuse his discretion by admitting the appellant's statement regarding prostitution.

Next, the appellant avers that his sentence to twenty-six months' confinement is "inappropriate" and cites several cases involving BAH fraud along with the sentences those servicemembers received.  The appellant argues the cited cases show "a definite disparity between [the appellant's] punishment and others similarly situated."[7]

This court reviews sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."  Art. 66(c), UCMJ.  Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves.  *United*

---

[4] *Id.* at 5.

[5] *Id.* at 6.

[6] *Id.*

[7] Appellant's Brief at 15.

*States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). As part of that review, we give "'individualized consideration' of the particular appellant 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have little difficulty concluding that the appellant's sentence is appropriate. Although an officer in the United States Marine Corps, the appellant nonetheless engaged in fraud and deceit at almost every opportunity over an eighteen month period. This included stealing over $28,000.00 from the United States and making numerous false statements, including generating the sympathy of his command by claiming his sister had perished and implying that a younger brother was in need of assistance as a result. We have given individualized consideration to this particular appellant, the nature and seriousness of his offenses, the appellant's record of service, and all other matters contained in the record of trial and hold that his sentence was appropriate.

To the extent the appellant also requests relief because his sentence was highly disparate when compared to those cited in his brief, we deny that request as well. The appropriateness of a sentence is generally determined without reference or comparison to sentences in other cases. *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). We are not required to engage in comparison of specific cases "'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (citing *Ballard*, 20 M.J. at 283) (additional citation omitted).

"Closely related" cases are those that "involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly*, 40 M.J. 558, 570 (N.M.C.M.R. 1994)*; see also Lacy*, 50 M.J. at 288 (citing examples of closely related cases as including co-actors in a common crime, service members involved in a common or parallel scheme, or "some other direct nexus between the servicemembers whose sentences are sought to be compared.") The appellant bears the burden of demonstrating that any cited cases are "closely related" to his case and that the sentences are

7

"highly disparate."  If the appellant meets that burden, then the Government must show there is a rational basis for the disparity.  *Lacy*, 50 M.J. at 288; *see also United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001).

The cited cases disclose no "common or parallel scheme," there were no "co-actors," and the only similarity the appellant alludes to is that the other cases involved BAH fraud.  Under these facts, that is not enough to satisfy his burden.[8]

### Conclusion

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[8] Finally, while not specifically assigned as an error, the appellant also seems to complain that the military judge committed plain error by permitting the members to consider evidence during sentencing that the appellant engaged in prostitution.  We have thoroughly considered this "error" and find it to be without merit.  *United States v. Clifton*, 35 M.J. 79, 83 (C.M.A. 1992).