# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

No. 201600031

_____

## UNITED STATES OF AMERICA
Appellee

v.

## MARK J. WINIECKI
Aviation Machinist's Mate First Class (E-6), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
For Appellant: Lieutenant Christopher C. McMahon, JAGC, USN.
For Appellee: Captain Dale O. Harris, JAGC, USN; Major Tracey L.
Holtshirley, USMC.

_____

Decided 29 September 2016

_____

Before CAMPBELL, GLASER-ALLEN, AND HUTCHISON, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

CAMPBELL, Senior Judge:

Consistent with the appellant's guilty pleas at a general court-martial, a military judge convicted him of individual specifications for raping a child, sexually abusing a child, and obstructing justice—violations of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b and 934 (2012). The military judge sentenced the appellant to 25 years of confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the sentence as adjudged and complied with the confinement and automatic forfeiture provisions of the pretrial agreement.

In his sole assignment of error, the appellant contends that the military judge abused her discretion by considering a portion of the MILITARY RULE OF EVIDENCE

(MIL. R. EVID.) 414, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) testimony during presentencing proceedings. Consequently, he asks that his case be remanded for a new presentencing hearing.[1] We conclude the findings and sentence are correct in law and fact, and we find no error materially prejudicial to the appellant's substantial rights.

## I. BACKGROUND

In a written stipulation of fact and during his colloquy with the military judge about the guilty pleas, the appellant admitted to an incident of rubbing his and his step-daughter's genitals together while they were both clothed, a later incident of rubbing his unclothed genitals against her clothed genitals, and a third incident of their having penile-vaginal sexual intercourse. He explained that these events took place between March and June 2015, when the child was nine years old, and that other incidents may have also occurred despite his inability to specifically recall them.

The child reported the sexual relationship to her mother on 1 July 2015. The next day, the appellant recorded a short conversation with his step-daughter about her revelations. He tried to convince the child to say her allegations were just dreams and recorded the conversation for use in his defense. As his efforts to capture a recantation proved unsuccessful, he deleted the video recording before investigators ultimately recovered it from his cell phone.

At the presentencing hearing, before any testimony, the trial defense counsel (TDC) first objected to Prosecution Exhibit (PE) 2—the victim's video-taped forensic interview, conducted by the Naval Criminal Investigative Service—as improper evidence in aggravation under RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) for "includ[ing] other instances of misconduct under [MIL. R. EVID.] 413 and [MIL. R. EVID.] 414."[2] But even in raising the objection, the TDC specifically acknowledged some of the appellate case law adverse to the defense position.[3] In overruling the objection, the military judge stated, in part:

> Because it is 414—M.R.E. 414 evidence, there are some threshold questions. One, obviously, this case has to involve . . . child

---

[1] The assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Although not raised at trial or on appeal, we also note that the Article 34, UCMJ, advice post-dates the referral of charges and does not address the additional charges. The appellant does not allege, nor do we find, that he was prejudiced by these waived, non-jurisdictional, procedural errors. *See United States v. Murray*, 25 M.J. 445, 449 (C.M.A. 1988).

[2] Record at 88.

[3] The assignment of error does not include the military judge's consideration of PE 2.

molestation . . . . This evidence . . . is information coming from the same victim as the victim in the--charges or the offenses to which the accused has been found guilty. . . . so that does tend to prove . . . some evidence that perhaps these earlier uncharged instances had occurred.

I find that information is relevant because it is directly related to the offenses to which the accused has been found guilty . . . . And then balancing the . . . probative value of the . . . evidence of a continuing course of conduct, I find that that probative value is not going to be substantially outweighed by the danger of unfair prejudice. . . . At this point, as I understand the evidence, I am just limiting what . . . I am going to consider just to show the continuous nature of the conduct, put the offenses to which the accused pled guilty in proper context and to consider its impact on the victim.[4]

Consistent with her statements within PE 2, the victim later testified that the appellant sexually abused her for three years, beginning when she was in the first grade. She further testified that her most recent sexual encounter with the appellant was physically painful and happened on the morning after she initially reported the crimes to her mother.[5] The TDC then objected under R.C.M. 1001(b)(4) and MIL. R. EVID. 403 and 414, arguing the new allegation was unreliable since it was inconsistent with the victim's earlier statements. The military judge overruled this objection, too:

[W]e spoke earlier about 414 evidence and whether it would come in, but in balancing . . . the probative value of the evidence, one of the things we look at is the . . . strength of proof of the act that we're talking about. I've already received the . . . evidence . . . that I consider for the purpose of putting the accused's conduct in context in this continuing course of conduct and impact on the victim, so . . . the objection is overruled, and I will continue to listen to what the-- witness has to say and consider it . . . .[6]

"[T]o make sure the record is clear," the military judge revisited her ruling at the close of the Government's presentencing case:

---

[4] Record at 92-94. Of note, in PE 6, which was admitted without objection, the appellant confessed to actually raping his step-daughter on three separate occasions—twice in their living room and once in her bedroom—since returning from a deployment in early 2015.

[5] The prosecutor informed the TDC about the most recent uncharged incident when he learned of the victim's expected testimony, and the TDC did not request a continuance. *Id*. at 235.

[6] *Id*. at 205-06.

3

[T]he objection we covered about the . . . M.R.E. 414 issue regarding . . . the incident that [the victim] says happened the morning after she made the report to her mom, I still consider that . . . M.R.E. 414 evidence. I put my analysis on the record earlier. The fact that this incident happened after the report to her mom doesn't change my analysis. I still think it it's . . . continuing-course-of-conduct type of evidence that's allowable in aggravation, and again with all the same balancing and weighing of it, so just . . . to make clear, my earlier analysis under 414 applies to this incident, also to the extent that I'll consider it as . . . aggravating information.[7]

## II. DISCUSSION

We review the admissibility of sentencing evidence for an abuse of discretion, *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010)), and we do not overturn a military judge's ruling unless it is "'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous,'" *United States v. McDonald,* 59 M.J. 426, 430 (C.A.A.F. 2004) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)), or influenced by an erroneous view of the law. *Id.* (quoting *United States v. Humphreys*, 57 M.J. 83, 90 (C.A.A.F. 2002)).

A military judge must make three threshold findings before admitting MIL. R. EVID. 414 evidence: (1) whether the accused is charged with an act of child molestation, as defined by MIL. R. EVID. 414(a); (2) whether the proffered evidence relates to the accused's commission of another child molestation offense, as defined by the rule; and (3) whether the evidence is relevant under MIL. R. EVID. 401 and 402. *Ediger*, 68 M.J. at 248 (citing *United States v. Bare*, 65 M.J. 35, 36 (C.A.A.F 2007)).

Upon finding proffered evidence satisfies the initial thresholds, the military judge must then separately apply the MIL. R. EVID. 403 balancing test, under which the testimony may be excluded if its "probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time, or needlessly presenting cumulative evidence." The MJ should consider at least the following factors: 1) strength of proof of the prior act; 2) probative weight of the evidence; 3) potential to present less prejudicial evidence; 4) possible distraction of the fact-finder; 5) time needed to prove the prior conduct; 6) temporal proximity of the prior event; 7) frequency of the acts; 8) presence or lack of intervening circumstances; and 9) relationship between the parties. *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000) (citing *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) and *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998)). If the military judge "does not sufficiently articulate [her] balancing [test

---

[7] *Id.* at 233-34.

under MIL. R. EVID. 403] on the record, [her] evidentiary ruling will receive less deference from this court." *Ediger*, 68 M.J. at 248 (citation and internal quotation marks omitted).

Evidence that is properly admitted under the MIL. R. EVID. 414 and MIL. R. EVID. 403 analysis is also admissible for sentencing. *See United States v. Tanner*, 63 M.J. 445, 449 (C.A.A.F. 2006) (holding that "in a child molestation case, evidence of a prior act of child molestation 'directly relat[es] to' the offense of which the accused has been found guilty and is therefore relevant during sentencing under R.C.M. 1001(b)(4)") (citations omitted)).

The appellant asserts that the most recent sexual encounter described by the victim "had no indicia of reliability and was subsequently proven to be untrue."[8] He further argues that "[i]t is very likely that if the military judge had not considered this evidence she would have given [the appellant] a significantly lower sentence."[9]

Yet the record demonstrates that the military judge was aware of the MIL. R. EVID. 414 standards and MIL. R. EVID. 403 balancing requirements. She addressed, to some extent, the threshold findings and the strength of the proof in weighing and admitting the evidence. The military judge did not articulate her analysis for each of the *Wright* factors on the record. But even if we afford her analysis no deference and conduct our own *de novo* review of those factors, we conclude it was proper to admit the challenged evidence.

And if we assumed error in admitting the last incident that the victim described, the appellant still was not prejudiced. The test for prejudice is whether the error substantially influenced the adjudged sentence. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009) (finding no substantial influence from a letter by the appellant admitted at sentencing, due to "the severity of Appellant's crimes," and their effect on the victims). We are convinced that the same sentence would have been adjudged, even absent the evidence of the final incident, given the severity of appellant's admissions to several instances of serious sexual abuse of his nine-year-old stepdaughter, his efforts to have her say she dreamed the ordeal, and the additional evidence that the abuse occurred for years.

Finally, we also review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks

---

[8] Appellant's Brief of 7 Jun 2016 at 5.

[9] *Id.*

5

omitted). The appellant's convictions triggered a mandatory dishonorable discharge and his maximum punishment included potential confinement for life without the possibility of parole. With individualized consideration of the appellant, the nature and seriousness of his offenses, his record of service, and all the matters within the record of trial, we find that his adjudged sentence is appropriate.

### III. CONCLUSION

The findings and the sentence approved by the convening authority are affirmed.

Judge GLASER-ALLEN and Judge HUTCHISON concur.


For the Court


R.H. TROIDL
Clerk of Court