# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellant**
v.
**Sergeant CARMEN J. IRONHAWK**
**United States Army, Appellee**

ARMY MISC 20240181

Headquarters, 1st Armored Division and Fort Bliss
Robert L. Shuck, Military Judge (arraignment)
Jacqueline L. Emanuel, Military Judge (motions hearing)
Colonel Andrew D. Flor, Staff Judge Advocate

For Appellant: Captain Patrick S. Barr, JA (argued); Colonel Christopher B. Burgess, JA; Major Timothy R. Emmons, JA; Captain Patrick S. Barr, JA (on brief and reply brief).

For Appellee: Captain Stephen R. Millwood, JA (argued); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Stephen R. Millwood, JA (on brief).

21 June 2024

---
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Judge:

Appellee is on trial for one specification of murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 [UCMJ]. On 18 March 2024, the military judge granted, in part, appellee's motion to exclude evidence pursuant to Military Rule of Evidence [Mil. R. Evid.] 404(b). Appellant brought this appeal under Article 62, UCMJ, complaining the military judge's ruling was erroneous regarding certain events (hereinafter "Uber ride").[1] Appellee responded in brief, and we heard oral argument on 10 June 2024.

---

[1] The Uber evidence consists of two things: (1) the accused's comments she would "kick" her husband's "a—" if he didn't behave, and (2) discussion about divorce.

## LAW AND DISCUSSION

Article 62, UCMJ, in pertinent part, allows the United States to appeal an interlocutory ruling that excludes evidence that is substantial proof of a material fact.[2] "In a trial by general or special court-martial or in a pretrial proceeding under section 830a of this title (article 30a), the United States may appeal the following: (B) an order or ruling which excludes evidence that is substantial proof of a material fact." Article 62(a)(1)(B), UCMJ. Our superior court comprehensively addressed this threshold question in *United States v. Jacobsen*, 77 M.J. 81 (C.A.A.F. 2017), guiding us to consider both whether the disputed ruling excludes evidence, and, if so, whether the excluded evidence is substantial proof of a material fact. Beyond the required government certification on this point, this court must independently consider that issue. As with all jurisdiction questions, we decide this de novo. *Id.* at 84, (citing *United States v. Vargas*, 74 M.J. 1, 5 (C.A.A.F. 2014). If we decide we have jurisdiction, we then evaluate whether the military judge's evidentiary ruling was an abuse of discretion. *United States v. Keefauver*, 74 M.J. 230, 233 (C.A.A.F. 2015) (citing *United States v. Monroe*, 52 M.J. 326, 330 (C.A.A.F. 2000)). In that evaluation, we constrain our review to matters of law under Article 62(a)(1)(B).

Appellee urges we lack jurisdiction because the excluded evidence is minimally relevant if relevant at all. Appellant fairly points out the circumstantial nature of the case and the prosecution's reliance on, among other things, events that occurred shortly before the alleged victim sustained a fatal gunshot wound. We do not make a first-instance determination about the evidence's probity and weight. Instead, we consider whether a reasonable fact finder could deem it substantial proof of a material fact; the answer is yes.

Turning to the military judge's decision on the merits, we first want to convey our view of its scope as limited to the two theories of admissibility proffered by the government. We interpret the disputed ruling to be: the Uber ride evidence is not admissible as *res gestae*; and, the Uber ride evidence is not admissible under Mil. R. Evid. 404(b).[3]

---

[2] *See generally United States v. Wuterich*, 67 M.J. 63, (C.A.A.F. 2008); *United States v. Lopez de Victoria*, 66 M.J. 67 (C.A.A.F. 2008); *United States v. Browers*, 20 M.J. 356 (C.M.A. 1985).

[3] Citing an "abundance of caution", the prosecution asserted at trial and before this court that it provided Mil. R. Evid. 404(b) notice for certain evidence not covered by that rule. From our experience as practitioners we recognize advocates' occasional desire to resolve evidentiary disputes before trial. On the other hand, when Mil. R.

(continued . . .)

"In an Article 62 appeal, this Court reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial." *United States v. Henry*, 81 M.J. 91, 95 (C.A.A.F. 2021) (quoting *United States v. Lewis*, 78 M.J. 447, 452 (C.A.A.F. 2019)). A military judge abuses their discretion when their findings of fact are clearly erroneous, their decision is influenced by an erroneous view of the law, or their decision is outside the range of reasonable choices arising from applicable facts and the law. *United States v. Frost*, 79 M.J. 104, 109 (C.A.A.F. 2019), *United States v. Kelly*, 72 M.J. 237, 242 (C.A.A.F. 2013). A finding of fact is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Martin*, 56 M.J. 97, 106 (C.A.A.F. 2001)). This court is "bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous." *United States v. Becker*, 81 M.J. 483, 489 (C.A.A.F. 2021) (quoting *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017)).[4]

The abuse of discretion standard is deferential. *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (citing *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)). Mere disagreement with a trial judge's evidentiary ruling is not enough to reverse; instead, this court may reverse only where the decision is clearly out of bounds under the facts and applicable law. *Id.* Our level of deference depends on the degree to which military judges explain their analysis on the record. *United States v. Finch*, 79 M.J. 389, 397 (C.A.A.F. 2020) (citing *United States v. Benton*, 54 M.J. 717, 725 (Army Ct. Crim. App. 2001)). Finally, we will sustain a military judge's evidentiary ruling if it reaches the correct result, but for different reasons. *United States v. Bess*, 80 M.J. 1, 12 (C.A.A.F. 2020) (citing *United States v. Robinson*, 58 M.J. 429, 433 (C.A.A.F. 2003)).

*Res gestae* evidence involves "the events at issue, or other events contemporaneous with them." *United States v. St. Jean*, 83 M.J. 109, 110 n.2 (C.A.A.F. 2023) (citing Black's Law Dictionary 1565 (11th ed. 2019)). "When conduct is inexorably intertwined with the alleged offense itself... it becomes part of the *res gestae* of the offense." *United States v. Gaddy*, ARMY 20150227, 2017 CCA LEXIS 179 at *5 (Army Ct. Crim. App. 2017) (summ. disp.) (quoting *United States v. Peel*, 29 M.J. 235, 239 (C.A.A.F. 1989)). *Res gestae* evidence enables the factfinder to see the full picture so that evidence will not be confusing and prevents

---

(. . . continued)
Evid. 404(b) does not cover some of the evidence for which the government provides notice, the litigation can be muddled. The military judge rightly highlighted this problem.

[4] We need not remand for additional interlocutory fact-finding; we have what we need to make an informed decision.

gaps in the narrative being presented. *United States v. Metz*, 34 M.J. 349, 351 (C.M.A. 1992).

We evaluate Mil. R. Evid. 404(b) in light of *United States v. Reynolds*:

(1) Does the evidence reasonably support a finding by the court members that appellant committed prior crimes, wrongs, or acts?

(2) What "fact…of consequence" is made "more" or "less probable" by the existence of this evidence?

(3) Is the "probative value…substantially outweighed by the danger of unfair prejudice?"

29 M.J. 105, 109 (C.M.A. 1989) (citations omitted).

The record before this court reflects substantial pretrial motions practice, which the military judge has regulated with written rulings in most instances (as here). While part of a longer written ruling, the analysis of the appealed topic is brief.[5] Nonetheless, it is within the boundaries of reasonable judicial discretion.

The military judge ruled the excluded evidence was not *res gestae*. We agree with appellant's definition of that fundamental legal term in its brief, and we presume the military judge shared that understanding. *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) ("Military Judges are presumed to know the law and to follow it absent clear evidence to the contrary.") (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). In light of that definition – along with the military judge's findings of fact – her decision was not an abuse of discretion. A reasonable jurist could find that the events during the Uber ride were neither part of the charged act nor contemporaneous with it.

For purposes of her Mil. R. Evid. 404(b) analysis, the military judge separately identified and then merged the Uber ride evidence: appellee's statement that she would "kick" her husband's "a—"; and, appellee's and her husband's discussion of divorce. The prosecution characterized these as evidence of motive and lack of accident. The military judge concluded the "kick" statement was not evidence of appellee's motive to kill her husband. This was a reasonable conclusion, particularly considering the statement was apparently made in reference to an argument that occurred before and during the Uber ride. A reasonable judge

---

[5] We note we afforded the military judge in this case less deference given her brief treatment of the nine factors outlined in *United States v. Wright*, 53 M.J. 476 (C.A.A.F. 2000) when analyzing Mil. R. Evid. 401 and 403.

IRONHAWK — ARMY MISC 20240181

could perceive that this evinced appellee's temporal reaction to her husband's drunken behavior but fell short of motive evidence. Said another way, the conclusion that any of what was discussed regarding kicking her husband's "a—" during the Uber ride led to his murder is tenuous at best.

We can deal with the divorce discussion more briefly. First, adhering to the military judge's findings of fact, it is far from clear which part of the discussion is attributable to appellee. Second, even if appellee was the only one who spoke of divorce, that evidence is not a crime, wrong, or character act subject to Mil. R. Evid. 404(b). Therefore, of course, it is not admissible under that rule.

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is DENIED.

Senior Judge FLEMING and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court