UNITED STATES, Appellant

v.

James L. MACKIE, Airman First Class
U.S. Air Force, Appellee

No. 08-5005

Crim. App. No. S31090

United States Court of Appeals for the Armed Forces

Decided April 21, 2008

PER CURIAM

Counsel

For Appellant:  Colonel Gerald R. Bruce, Major Donna S.
Rueppell, and Major Matthew Ward (on brief).

For Appellee:  Lieutenant Colonel Mark R. Strickland and Captain
Tiffany M. Wagner (on brief); Colonel Nikki A. Hall.

Military Judge:  James L. Flanary

**This opinion is subject to revision before final publication.**

United States v. Mackie, 08-5005/AF

PER CURIAM:

A special court-martial composed of a military judge sitting alone convicted Appellee, pursuant to his pleas, of unauthorized absence, impaired driving, larceny, and burglary in violation of Articles 86, 111, 121, and 129, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 911, 921, 929 (2000). The adjudged sentence included confinement for seven months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority reduced the adjudged confinement to six months pursuant to a pretrial agreement. The United States Air Force Court of Criminal Appeals (CCA) ordered the record returned to the Judge Advocate General and ordered a sanity board to determine "whether the [Appellee] is currently mentally competent, whether he was mentally competent at the time of trial, and whether he was mentally competent at the time of his alleged criminal conduct." United States v. Mackie, 65 M.J. 762, 765 (A.F. Ct. Crim. App. 2007).

Upon certification under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2), we affirm the decision of the CCA.[1]

---

[1] The Judge Advocate General of the Air Force certified the following issues:

> I. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS APPLIED THE CORRECT STANDARD OF REVIEW WHEN DETERMINING WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE DEFENSE MOTION FOR A SANITY BOARD.

## Background

Appellee moved for a Rule for Courts-Martial (R.C.M.) 706 sanity board before entering his guilty pleas. Trial defense counsel argued that the sanity board was necessary because Appellee's memory loss merited further inquiry. Specifically, she detailed concerns that Appellee might not be able to assist in his own defense, might not be fit to stand trial, and that similar memory loss may have occurred during the alleged misconduct. In support of the motion Appellee submitted an affidavit detailing specific instances of blackouts and memory loss over a six-month period.

The military judge stated that Appellee's affidavit "ordinarily" would be enough to order a sanity board. But the military judge denied the motion based on a Government stipulation of expected testimony from Appellee's treating clinical psychologist, Captain (CPT) Agliata. CPT Agliata had seen Appellee twice by appointment and once for a brief walk-in conversation, never conducted a forensic examination or participated in a sanity board, and was unaware of Appellee's claimed memory losses and blackouts. That stipulation,

---

II. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY FINDING THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S REQUEST FOR A SANITY BOARD FINDING HE HAD NOT MET HIS BURDEN OF FACTUAL PERSUASION TO JUSTIFY AN INQUIRY PURSUANT TO R.C.M. 706.

United States v. Mackie, 08-5005/AF

according to the military judge, nonetheless "directly answer[ed]" the question whether Appellee was competent to stand trial and the motion for a sanity board was denied.

On appeal the CCA held that the military judge erred by denying the defense request for a sanity board. Mackie, 65 M.J. at 765. The lower court found that CPT Agliata's opinions in the form of the stipulation of expected testimony were not an adequate substitute for a sanity board. Id. We agree.

## Analysis

A military judge has the authority to order a sanity board after referral under R.C.M. 706 if it appears there is reason to believe the accused lacked mental responsibility at the time of a charged offense or lacks the capacity to stand trial. R.C.M. 706(a),(b)(2). A motion for a sanity board should normally be granted if it is made in good faith and is not frivolous. United States v. Nix, 15 C.M.A. 578, 582, 36 C.M.R. 76, 80 (1965).

We review the military judge's decision to grant or deny a motion for a sanity board for an abuse of discretion.[2] United States v. Collins, 60 M.J. 261, 266 (C.A.A.F. 2004). A military

_____

[2] Although the CCA did not expressly state the standard of review, it analyzed the military judge's ruling in a manner consistent with an abuse of discretion review, specifically citing R.C.M. 706(b)(2) and applying the principles this Court set forth in United States v. English, 47 M.J. 215 (C.A.A.F. 1997). Mackie, 65 M.J. at 763-64.

4

judge abuses his discretion when "the findings of fact upon which he . . . predicates his ruling are not supported by the evidence of record; if incorrect legal principles were used . . . ; or if his application of the correct legal principles to the facts . . . is clearly unreasonable." Id. at 266 n.5 (citation and quotation marks omitted).

The military judge abused his discretion in this case. The text of R.C.M. 706 outlines the procedures and requirements for a sanity board. English, 47 M.J. at 219. This Court's decision in English, while never squarely holding that an examination that tracks the requirements of a sanity board as listed in R.C.M. 706 could be an adequate substitute for one, noted minimum requirements necessary for such a prior medical examination to even theoretically serve as a substitute for "the carefully crafted procedures set forth in the Manual." Id. Assuming without deciding that a stipulation could serve as an adequate substitute for a sanity board, this stipulation fell short of those requirements.

The plain text of R.C.M. 706 outlines specific substantive findings that a sanity board is required to make. R.C.M. 706(c)(2); see also English, 47 M.J. at 219. The sanity board must address not only the accused's capacity to stand trial, but also his mental responsibility at the time of the act in question. English, 47 M.J. at 219 (citing R.C.M. 706).

5

As the CCA noted, those requirements were not met in this case. As an initial matter, CPT Agliata admitted he had not conducted a forensic examination of Appellee or spent much time with him, and that he was unfamiliar with R.C.M. 706 rules and standards. Moreover, while CPT Agliata was able to say that Appellee was capable of standing trial at the time he drafted the stipulation, he could not opine on whether Appellee understood the nature and quality of his actions at the time the alleged criminal conduct occurred, as required by English, 47 M.J. at 218-19, and R.C.M. 706(c)(2)(C).

Having found that the issues of mental responsibility and competency were raised by Appellee's motion for a sanity board -- indeed, that a sanity board would "ordinarily" be ordered on the basis of Appellee's affidavit -- and with no indication that the motion was made in bad faith or was frivolous, the military judge should have granted the motion. Even assuming a medical examination by a qualified physician could take the place of a sanity board, the stipulation in this case, which failed to provide the specific substantive information required under R.C.M. 706(c), was a legally erroneous basis upon which to deny the motion.

## Decision

The first certified question is answered in the affirmative, the second certified question is answered in the

negative, and the decision of the United States Air Force Court of Criminal Appeals is affirmed.