# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, SALADINO, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist WILLIAM R. RUNDLE**
**United States Army, Appellee**

ARMY MISC 20190158

Headquarters, Fort Carson
Steven Henricks, Military Judge
Lieutenant Colonel Joshua F. Berry, Acting Staff Judge Advocate

For Appellant: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief and reply brief).

For Appellee: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Timothy G. Burroughs, JA (on brief).

17 May 2019

---------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------

Per Curiam:

The United States appeals the ruling of a military judge to dismiss three specifications of indecent language, in violation of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934, as unconstitutionally vague and overbroad as applied to appellee.[1] We find the military judge erred as a matter of law and reverse the military judge's ruling.

---

[1] We have jurisdiction over this appeal under Article 62, UCMJ, 10 U.S.C. § 862. The parties raise no jurisdictional issues to our attention nor have we independently identified any. Unlike our reviews under Article 66, UCMJ, our review is limited solely to questions of law. *See United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004).

## BACKGROUND

### 1. *The allegation and pre-trial motions*

Appellee stands charged with three specifications of communicating indecent language on the internet to anonymous individuals. The substance of appellee's messages in the charged specifications depict, in graphic detail, the rape of children. Appellee submitted a pre-trial motion to dismiss the specifications as unconstitutionally vague as applied to him under the Due Process Clause of the Fifth Amendment. Specifically, appellee asserted he was not on fair notice that his private communications on the internet with anonymous adults were criminalized.

In opposing the motion, the government asserted appellee was on notice that his conduct constituted offenses of indecent language, under Article 134, based on the Manual for Courts-Martial, Army regulation, and case law.

### 2. *The military judge's ruling*

After hearing oral argument, the military judge granted appellee's motion to dismiss. The military judge ruled the specifications were vague and overbroad under the First and Fifth Amendments "because the government is unaware of and not prepared to introduce sufficient evidence that can establish a direct and palpable connection between the complained of speech and the military mission or military environment."

In arriving at his ruling, the military judge relied on *United States v. Wilcox*, 66 M.J. 442, 447-49 (C.A.A.F. 2008). In *Wilcox*, the Court of Appeals for the Armed Forces (CAAF) applied a three part test to determine whether evidence adduced at trial demonstrated Wilcox's statements were legally sufficient to criminalize his conduct under Article 134, UCMJ. The *Wilcox* test assesses whether a charged violation of Article 134 involving speech implicates First Amendment protection. The *Wilcox* test first asks two questions: (1) is the speech otherwise protected under the First Amendment? and, (2) did the government prove the elements of an Article 134 offense, including a "reasonably direct and palpable connection between the speech and the military mission or military environment?" *Id*. at 447-49. If the answer to those two questions is affirmative, then the court conducts a balancing test to determine whether "criminalization of that speech is justified despite First Amendment concerns." *Id*. at 449.

Applying the first prong of *Wilcox*, the military judge assumed appellee's charged communications were "indecent and [are] therefore also obscene, meaning [appellee's] alleged speech does not warrant First Amendment protections." Nonetheless, the military judge proceeded to the second prong of *Wilcox*, and determined the government could not prove the elements of Article 134 given:

> [T]he private, consensual communications between [appellee] and different anonymous individuals alleged in the specifications [alleging indecent language], and . . . the additional dearth of evidence of which the government is currently aware that could tend to prove a direct and palpable connection between the complained of speech and the military mission or military environment . . . .

Based on these findings, the military judge held that *Wilcox* required dismissal of the charges of indecent language as "both constitutionally vague and overbroad as applied to [appellee]."

The government, acting within its discretion under Article 62(a)(1)(B), UCMJ, appealed the military judge's decision complaining, in essence, the military judge applied the incorrect law when analyzing appellant's constitutional challenge. We agree.

## ANALYSIS

We review a ruling to dismiss a specification for an abuse of discretion. *United States v. Douglas*, 68 M.J. 349, 354 (C.A.A.F. 2010). When acting on interlocutory appeals under Article 62, UCMJ, our court may act "only with respect to matters of law." *United States v. Baker*, 70 M.J. 283, 287-88 (C.A.A.F. 2011). We may not substitute our own fact-finding. *Id.* at 288. The military judge's findings of fact are reviewed under the clearly erroneous standard, while his conclusions of law are reviewed de novo. *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). A military judge abuses his discretion when he uses incorrect legal principles. *United States v. Mackie*, 66 M.J. 198, 199 (C.A.A.F. 2008).

Having reviewed the record before us, we find the military judge erred as a matter of law for the following reasons:

First, the military judge erroneously applied the three prong test in *Wilcox* in concluding Article 134, indecent language, is unconstitutionally void for vagueness and overbroad as applied to appellee. The test in *Wilcox* applies to questions of legal sufficiency when reviewing an appellant's conviction and determining "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all of the essential elements beyond a reasonable doubt." *Wilcox*, 66 M.J. 442, 446. In other words, the *Wilcox* test is not used to determine whether offenses, as applied, are either unconstitutionally vague or overbroad. Neither the service courts nor our superior court, to date, has used *Wilcox* to evaluate a vagueness or overbreadth challenge.

Second, the military judge's ruling is devoid of any reference to the proper legal standard for addressing a vagueness challenge. The void for vagueness doctrine "is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment." *United States v. Williams*, 553 U.S. 285 (2008). "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000) (citing *Chicago v. Morales*, 527 U.S. 41, 56-57 (1999)).[2] The potential sources of "fair notice" that one's conduct is proscribed by Article 134, indecent language, include federal law, state law, military case law, military custom and usage, and military regulations. *United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F. 2003).

Third, the military judge's ruling lacks any reference to the proper legal standard for determining whether a statute is overbroad. Although the doctrines of overbreadth and vagueness often overlap, they are nonetheless two distinct doctrines of constitutional law with different standards of review. *See, e.g., Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489 (1982) (addressing overbreadth and vagueness challenges with different analysis). "The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coal.,* 535 U.S. 234, 255 (2002).[3] Under the First Amendment overbreadth doctrine,

---

[2] *See also FCC v. Fox TV Stations, Inc*., 567 U.S. 239 (2012) (holding no fair notice in FCC policy to broadcasters that "a fleeting expletive" could be indecent in violation of statute); *Kolender v. Lawson*, 461 U.S. 352 (1983) (holding state law requiring person provide "credible and reliable" identification unconstitutionally vague because gives excessive discretion to police); *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489 (1982) (ordinance requiring businesses obtain license to sell drug paraphernalia "designed or marketed for use with illegal cannabis or drugs" not vague due to implied scienter requirement); *Parker v. Levy*, 417 U.S. 733 (1974) (holding Articles 133 and 134 not unconstitutionally vague in prohibiting officer's statements to enlisted soldiers not to go to Vietnam since "he could have had no reasonable doubt that his public statements . . . were both 'unbecoming an officer and a gentleman,' and 'to the prejudice of good order and discipline in the armed forces'"); *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) (holding anti-noise ordinance not unconstitutionally vague on its face because "contains no broad invitation to subjective or discriminatory enforcement").

[3] "The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams,* 553 U.S. at 293. The second step is for the Court to

(continued . . .)

"a statute is facially invalid if it prohibits a substantial amount of protected speech." *Williams,* 553 U.S. 285, 292 (2008). When overbreadth is alleged, "[t]he overbreadth claimant bears the burden of demonstrating, from the text of [the law] and from actual fact, that substantial overbreadth exists." *Virginia v. Hicks,* 539 U.S. 113, 122 (2003) (citation and internal quotation marks omitted). Here, other than the military judge's misapplication of *Wilcox,* where he in-part determined appellee's alleged communications do not warrant First Amendment protections, we are unclear as to how he otherwise found Article 134, indecent language, unconstitutionally overbroad in the context of the First Amendment.[4]

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is GRANTED and the decision of the military judge is therefore SET ASIDE. We make no ruling as to the constitutionality of the charged specification alleging violations of Article 134, indecent language, but rather return the record of trial to the military judge in light of the preceding discussion.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
then determine "whether the statute, as we have construed it, criminalizes a substantial amount of protected expressive activity." *Id.* at 297; *see also Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) (holding school rule prohibiting students from wearing arm bands in protest to Vietnam War overbroad because school officials had no reason "to anticipate the wearing of armbands would substantially interfere with the work of the school or impinge upon the rights of other students").

[4] We note appellee neither asserted in his motion to dismiss, nor during the Article 39(a), UCMJ, hearing on the motion to dismiss, a claim that Article 134, indecent language, was overbroad. While appellee's brief argues this alternate theory for dismissal, that the additional charge and its specifications are overbroad, we decline to consider it since the issue was not adequately addressed by the military judge in his ruling.