# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38831 (reh)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Elis M. LASALLE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 August 2019

———————————

*Military Judge:* James Dorman (arraignment); John Harwood (rehearing).

*Approved sentence:* Dishonorable discharge and confinement for 7 years. Sentence adjudged 18 October 2017 by GCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Major Dustin J. Weisman, USAF; Joseph M. Owens, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, MINK, and KEY, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MINK, Senior Judge:

This case is before us for the second time. In April 2014, a general court-martial composed of a military judge alone found Appellant guilty, pursuant

to his plea, of attempting to persuade a child to engage in sexual activity that violated state law, contrary to 18 U.S.C. § 2422(b), a crime or offense not capital in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge also found Appellant guilty, contrary to his plea, of using force to cause Airman First Class (A1C) MR to engage in sexual intercourse in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 15 years, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence. In his initial appeal, Appellant raised six assignments of error, and we granted relief as to one of them by setting aside the Article 134, UCMJ, enticement conviction because Appellant's guilty plea was improvident, but affirmed the Article 120, UCMJ, rape conviction. We also set aside the sentence and authorized a rehearing on both the set aside offense and the sentence. *United States v. LaSalle*, No. ACM 38831, 2016 CCA LEXIS 749 (A.F. Ct. Crim. App. 23 Nov. 2016) (unpub. op.).

On 6 March 2017, the general court-martial convening authority ordered a rehearing on the enticement offense and for the purpose of sentencing Appellant. Appellant was arraigned at Fort Leavenworth, Kansas on 24 May 2017 and the rehearing was held at Sheppard Air Force Base (AFB), Texas from 16–18 October 2017. A general court-martial composed of a military judge alone found Appellant not guilty of the Article 134 enticement offense and then sentenced Appellant for the previously affirmed sexual assault offense. The adjudged and approved sentence consisted of a dishonorable discharge and confinement for seven years.

Appellant now asserts three assignments of error: (1) whether the military judge erred by considering A1C MR's unsworn statement when deciding on a sentence; (2) whether Appellant is entitled to sentence relief based on a facially unreasonable post-trial processing delay after his trial in April 2014; and (3) whether the convening authority's action and the court-martial order should be corrected to reflect the pretrial confinement credit awarded Appellant by the military judge.[2] While Appellant also requests that we reconsider

---

[1] These offenses to which Appellant was found guilty are from the *Manual for Courts-Martial, United States* (2012 ed.) (*MCM*). All other references in this opinion to the UCMJ and the Rules for Courts-Martial (R.C.M.) are from the 2016 *MCM*, unless otherwise indicated.

[2] The assignments of error were reordered by the court.

our decision on the assignments of error raised in his initial appeal, we decline to do so.[3]

We find the military judge did not abuse his discretion in considering A1C MR's unsworn statement and that Appellant is not entitled to relief for the post-trial delay between the conclusion of his trial in April 2014 and the convening authority's initial action. We further find that the omission of the credit for pretrial confinement in the convening authority's action following the rehearing requires correction. We affirm the approved sentence and we return the record to the The Judge Advocate General for remand to the convening authority for a corrected action.

## I. BACKGROUND

A1C MR, who was the victim of the offense for which Appellant was sentenced at the rehearing, testified at Appellant's original trial in April 2014 but did not do so at the rehearing on sentence. Instead, A1C MR submitted a written unsworn statement for consideration by the court at the rehearing.

## II. DISCUSSION

### A. Victim Impact Statement

At the rehearing on sentence, trial defense counsel objected to the military judge's consideration of A1C MR's unsworn statement because Rule for Courts-Martial (R.C.M.) 1001A, permitting an unsworn statement from the victim, had not yet been promulgated at the time of Apellant's original trial in April 2014. The military judge overruled the objection, relying in part on our unpublished decisions in *United States v. Parr*, No. ACM 38878, 2017 CCA LEXIS 86 (A.F. Ct. Crim. App. 7 Feb. 2017) (unpub. op.), and *United States v. Rowe*, No. ACM 38880, 2017 CCA LEXIS 89 (A.F. Ct. Crim. App. 8 Feb. 2017) (unpub. op.). In each of those cases, which were tried before the promulgation of R.C.M. 1001A, we held that the military judges had not abused their discretion by allowing consideration of a victim's unsworn statement based on the provisions of Article 6b, UCMJ, 10 U.S.C. § 806b. On

---

[3] As stated above, Appellant raised six assignments of error in his initial appeal. We granted relief on one issue, decided three issues contrary to Appellant, held that one issue was made moot by our decision, and held that an allegation of unreasonable post-trial processing was not yet ripe for appellate review. The issue of unreasonable post-trial processing delay has been raised again by Appellant and we address it below.

appeal, Appellant asserts that the military judge abused his discretion by considering the unsworn statement. We disagree.

### 1. Law

We review a military judge's admission or exclusion of evidence, including sentencing evidence, for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'" *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (citing *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997); *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)). "A military judge abuses his discretion when: (1) the findings of fact upon which he predicates his ruling are not supported by the evidence of record; (2) if incorrect legal principles were used; or (3) if his application of the correct legal principles to the facts is clearly unreasonable." *United States v. Ellis*, 68 M.J. 341, 344 (C.A.A.F. 2010) (citing *United States v. Mackie*, 66 M.J. 198, 199 (C.A.A.F. 2008)).

In 2013, Congress enacted Article 6b, UCMJ, pursuant to the National Defense Authorization Act (NDAA) for Fiscal Year 2014. Pub. L. No. 113–66, § 1701, 127 Stat. 672 (2013) (codified as 10 U.S.C. § 806b). Article 6b, UCMJ, incorporated additional rights of crime victims in presentencing provided in the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, with an effective date of 26 December 2013. Article 6b generally mirrors the rights afforded to victims in civilian criminal trials under the CVRA and establishes that a victim has "[t]he right to be reasonably heard . . . at [a] sentencing hearing related to the offense." 10 U.S.C. § 806b(a)(4)(B). The article provides no further guidance on the manner in which a victim could exercise that right and does not address the victim's right to be heard at presentencing in terms of presenting victim impact.

On 17 June 2015, after the date of Appellant's trial, the President promulgated R.C.M. 1001A, providing guidance on how to implement Article 6b(a)(4)(B), and expressly permitting a victim to make an unsworn statement orally, in writing, or both. *See* R.C.M. 1001A(e).

### 2. Analysis

Appellant acknowledges that Article 6b, UCMJ, was enacted prior to Appellant's original trial in April 2014. However, Appellant erroneously asserts that the plain language of the NDAA, § 1701, specifies that Article 6b did not become effective until the President promulgated R.C.M. 1001A in July 2015, more than a year after Appellant's original trial. Appellant argues that because Article 6b was not in effect at the time of Appellant's original trial, the

military judge abused his discretion by considering A1C MR's unsworn statement because it would not have been authorized at Appellant's original trial. We are not persuaded.

As noted above, Section 1701 of the NDAA was effective on 26 December 2013, prior to Appellant's original trial. "While it is true that R.C.M. 1001A was not in existence at the time of trial, a victim's right to be heard at sentencing pursuant to Article 6b was." *United States v. Turpiano*, No. ACM 38873, 2018 CCA LEXIS 276, at *51 (A.F. Ct. Crim. App. 24 May 2018) (unpub. op.) Moreover, at the time of Appellant's rehearing on sentence, R.C.M. 1001A was in effect.

In overruling the trial defense counsel's objection at the rehearing, the military judge cited both the CVRA and Article 6b as providing victims a right to be "reasonably heard" at sentencing, and he noted that federal courts have interpreted this phrase to mean allowing an unsworn victim impact statement in sentencing. The military judge also noted that this court had addressed this exact issue in *Rowe* and *Parr,* finding that an unsworn victim impact statement was a permissible means for a victim to be "reasonably heard" in court-martials occurring between the effective date of Article 6b and the promulgation of R.C.M. 1001A. As a result, we find the military judge did not abuse his discretion by considering A1C MR's written unsworn statement.[4]

## B. Post-Trial Delay

### 1. Additional Background

As noted above, Appellant's original trial concluded on 3 April 2014. On 20 May 2014, the record of trial (ROT) was sent to the military judge for authentication. The military judge then discovered an error in the announcement of sentence and ordered a post-trial session pursuant to Article 39a, UCMJ, 10 U.S.C. § 839a. The post-trial Article 39a session was held on 24 November 2014, following a series of delays detailed in a Post-Trial Chronology Memorandum dated 17 April 2015 which was included in the original ROT. Following the authentication of the ROT, including the transcript of the post-trial Article 39a session, on 9 January 2015 the court reporter from Sheppard AFB, Texas, discovered an error in the marking of exhibits during the post-trial session. As a result, the convening authority ordered a second

---

[4] We would reach the same conclusion that the military judge did not abuse his discretion if we assumed, *arguendo*, that the military judge was required to follow the same procedural requirements at the rehearing on sentence as were required during Appellant's original trial.

post-trial Article 39a session. After a series of scheduling delays—again detailed in the Post-Trial Chronology Memorandum—the second post-trial session was held on 26 March 2015.

The convening authority's staff judge advocate (SJA) signed the SJA recommendation (SJAR) on 28 April 2015. Appellant submitted his clemency matters for consideration by the convening authority on 28 May 2015. The convening authority took action on 5 June 2015, 428 days after the announcement of sentence in Appellant's original trial.

As he did in his original appeal, Appellant asks this court to grant him sentence relief for unreasonable post-trial processing delay between the announcement of his original sentence on 3 April 2014 and initial action by the convening authority on 5 June 2015. Even though a total of 428 days elapsed, Appellant specifically asserts that he is only claiming that a total of 390 days constituted "unreasonable" post-trial processing delay, which comprised the period from 3 April 2014 until 28 April 2015, the date of the SJAR. Appellant's stated reason for only claiming unreasonable delay for this reduced period of time is his concession that "a substantial portion" of the delay between the date of the SJAR and the date of the action was attributable to himself. Appellant makes no claim that he suffered any prejudice as a result of the delay, but asks for a total of 270 days of credit against his sentence to confinement for unreasonable post-trial delay.[5]

**2. Law**

Whether an appellant has been deprived of his due process right to speedy appellate review, and whether constitutional error is harmless beyond a reasonable doubt, are questions of law we review de novo. *United States v. Arriaga,* 70 M.J. 51, 55–56 (C.A.A.F. 2011) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)).

When the convening authority does not take action within 120 days of the completion of trial, the delay is presumptively unreasonable. *Moreno*, 63 M.J. at 142. If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135

---

[5] Appellant calculated the 270-day confinement credit request by subtracting the "120-day metric" stated in *Moreno* from the 390 days of delay between announcement of sentence until the date of the SJAR, the date relied upon by Appellant to end the period of "unreasonable delay."

(citations omitted). *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id.* at 138–39 (citations omitted).

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id.* at 136 (citation omitted). Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.* (citing *Barker*, 407 U.S. at 533 ("Courts must still engage in a difficult and sensitive balancing process.")). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* (citation omitted). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Recognizing our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we also consider whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 221, 225 (C.A.A.F. 2002).

### 3. Analysis

Whether 390 days or 428 days, the delay between the conclusion of Appellant's trial and the convening authority's action clearly exceeded the 120-day standard for presumptively unreasonable delay established in *Moreno*. Therefore, we consider the four *Barker* factors, beginning with the length of the delay itself. In this case, the delay substantially exceeded the *Moreno* standard. The Government concedes this factor weighs in Appellant's favor and we concur.

The Government asserts that the second factor, the reasons for the delay, weigh in its favor. The Government contends that a substantial portion of the delay, even prior to the date of the SJAR, was attributable to Appellant and his civilian defense counsel's admitted unavailability prior to the first post-trial 39a session. However, Appellant asserts:

> In short, the entirety of the delay can be explained by three key events: (1) the Military Judge made an error in announcing findings; (2) the Military Judge made an error in conducting [Appellant's] providence inquiry; and (3) the Government made an error in marking the exhibits, and thereafter insisted on an additional (second) Article 39a session, over objection by both the Military Judge and trial defense counsel. To be sure, there were numerous intervening issues that arose that contributed

to the overall delay (i.e., attorney availability, judge availability, witness availability, courtroom and court-reporter availability, technology issues, etc.); but if the three errors referenced above had not been made then the 390 days of delay referenced above would have been significantly reduced, if not avoided entirely.

We agree with the Government that significant periods of delay were attributable to Appellant and that the Post-Trial Chronology Memorandum, dated 17 April 2015, evidences the Government's efforts and intentions to diligently accomplish the post-trial processing of Appellant's case and ensure the ROT was accurate. However, on balance, we find that this factor also weighs slightly in favor of Appellant.

The Government concedes the third factor, Appellant's assertion of his right to timely review, also weighs in Appellant's favor and we agree. At the second post-trial Article 39a session, Appellant indicated a desire for speedy appellate processing. It still took approximately 147 more days for Appellant's case to reach initial convening authority action.

As to the fourth and final factor, Appellant has not claimed any prejudice as a result of the presumptively unreasonable post-trial delay and we find none in this case. We also find that this factor weighs against Appellant. The United States Court of Appeals for the Armed Forces (CAAF) has held that "where there is no finding of *Barker* prejudice, we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. In this case, the prejudice analysis is determinative.

Because Appellant fails to demonstrate prejudice, and we find the remaining factors are not so egregious—despite the lengthy period of time between the announcement of sentence and initial action of the convening authority—as to impugn the fairness and integrity of the military justice system, we find no violation of Appellant's rights under *Moreno*. Recognizing our authority under Article 66(c), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See Tardif*, 57 M.J. at 225. After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App.

2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude that such an exercise of our authority is not appropriate in this case.[6]

## C. Convening Authority Action

Appellant also asserts that the action of the convening authority is incomplete and erroneous because it failed to include the period of 328 days of pretrial confinement credit awarded by the military judge at the rehearing pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). This 328 days encompassed the period of time Appellant remained in confinement between the date of our previous decision in this case on 23 November 2016 and the date of the announcement of sentence at the rehearing on 18 October 2016. Despite the lack of any statutory or regulatory requirement to include pretrial confinement credit awarded pursuant to *Allen* in the convening authority's action, the Government concedes that the action should be corrected to reflect the total adjudged confinement credit. Under the particular and unique facts of this case, we agree.

The action of the convening authority states, in pertinent part:

> [Appellant] will be credited with any portion of the punishment served from 3 April 2014 to 23 November 2016, under the sentence adjudged at the former trial in this case. [Appellant] will be credited with 165 days for illegal pretrial confinement [credit] against the sentence to confinement and an additional twenty days of Earned Time Credit.

In his advice to the convening authority, the SJA noted that the military judge awarded Appellant 328 days for pretrial confinement credit pursuant to *Allen* and correctly advised the convening authority that Appellant was to be credited with a total of 165 days of illegal pretrial confinement credit awarded by the military judge. However, the Report of Result of Trial incorrectly

---

[6] These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is evidence of harm to the appellant or institutionally caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing; and (6) given the passage of time, whether this court can provide meaningful relief in this particular situation.

stated the amount of pretrial confinement credit to which Appellant was to be credited as 479 days, which was apparently calculated by adding the 328 days of pretrial confinement credit to the erroneous amount of 151 days of illegal pretrial confinement credit. In summary, the military judge granted Appellant 965 days confinement credit for the period from 3 April 2014 until 23 November 2016, 328 days of *Allen* credit, and 165 days of credit for illegal pretrial confinement. The convening authority granted Appellant an additional 20 days of Earned Time Credit.

The amount of total confinement credit Appellant was awarded by the military judge and the convening authority equaled 1,478 days. In the action, the convening authority acknowledged Appellant's credit for time spent in confinement from the date of Appellant's original sentence until the date of our original opinion in this case. In accordance with R.C.M. 1107(f)(4)(F), the convening authority is required to state in the action the amount of illegal pretrial confinement credit awarded. As noted above, the convening authority's action correctly states that Appellant was awarded 165 days illegal pretrial confinement credit by the military judge. In addition, the action states that the convening authority awarded Appellant 20 additional days of Earned Time Credit against his sentence to confinement. However, even though not required, the omission of the 328 days of *Allen* credit from the action in this case, coupled with the error in the Report of Result of Trial, creates an action that is misleading and could result in the erroneous conclusion that Appellant is only entitled to 1150 days, instead of 1478 days, of credit against his sentence to confinement. Therefore, under these unique circumstances, we return the record for corrected action to include the 328 days of pretrial confinement credit awarded pursuant to *Allen*.

### III. CONCLUSION

The approved findings were previously affirmed. The approved sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). We return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the recent action and substitute a corrected action. Further, we order the promulgation of a corrected court-martial order reflecting the correct action.[7] The case need not

---

[7] In addition, the SJA's advice to the convening authority erroneously stated the sentence adjudged by the court-martial. However, the court-martial order stated the correct sentence. Also, the court-martial order incorrectly listed "specifications" instead of "specification" in the introductory paragraph of the order. In view of our returning

*(Footnote continues on next page)*

be returned to us for further review. Accordingly, the approved sentence is **AFFIRMED.**



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

this case for corrected action, we trust that this error in the court-martial order will also be corrected.